IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVON LAMONT TAVE, #688786 | § | |
| VS. | § | CIVIL ACTION NO. 6:08cv139 |
| DIRECTOR, TDCJ-CID | § | |

<u>ORDER OF DISMISSAL</u>

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus concerning a prison disciplinary case should be dismissed.  The Petitioner has filed objections.

The Report and Recommendation of the Magistrate Judge, which contain his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Petitioner, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

The Petitioner complained about a prison disciplinary case for possession of marijuana. Since the nature of his criminal conviction makes him ineligible for release on mandatory supervision, then the punishment he received did not involve a protected liberty interest.  *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997).  Habeas corpus relief is unavailable due to the absence of a right secured by the Constitution or the laws of the United States.  *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000).  His argument in his objections that the disciplinary case may have an

1

impact on his release date on parole is speculative and cannot support a constitutional claim.  *Id.*  He also argued that his lawsuit should be considered because of the possibility of a criminal conviction and additional time added onto his sentence.  Once again, however, he is speculating as to the possible impact of a criminal case that has not yet been decided.  To the extent that he desires to file a pretrial petition for a writ of habeas corpus, he must first exhaust all available state habeas corpus procedures.  *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).  Furthermore, even if state procedures have been exhausted, habeas corpus relief will not be available absent "special circumstances."  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973).  In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals.  *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985).  In conclusion, the Petitioner's objections lack merit.  The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.  It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice.  The Petitioner is free to pursue state and federal habeas corpus remedies that may exist regarding any criminal proceedings that arise from the facts of this case.  A certificate of appealability is **DENIED**.  All motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 8th day of May, 2008.**



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

2